```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


 TONYA EMILIEN                              CIVIL ACTION

 VERSUS                                     NO: 16-14907

 DOLLAR GENERAL MARKET                      SECTION: "J"(3)
 #13126, ET AL.
```

## ORDER & REASONS

Before the Court is a *Motion to Remand* **(R. Doc. 8)** filed by Plaintiff, Tonya Emilien, and an opposition thereto **(R. Doc. 10)** filed by Defendant, DG Louisiana, LLC. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from injuries that Plaintiff allegedly suffered while shopping in Dollar General Market #13126, on January 20, 2015. Plaintiff alleges that a Dollar General employee knocked a display rack over causing items on the rack to strike and injure her. (R. Doc. 8-1 at 1.) On January 11, 2016, Plaintiff filed suit in the Civil District Court for the Parish of Orleans, Louisiana. *Id.* Plaintiff did not specify a specific amount of monetary damages in her petition, instead requesting damages that are reasonable and just. (R. Doc. 1-1 at 4.) On August 24, 2016, Plaintiff sent a settlement offer to Defendant for $75,000, plus court costs of $604.72. *Id.* at 5. On September 23, 2016, Defendant filed a Notice

of Removal alleging diversity jurisdiction. (R. Doc. 8-1 at 2.) On October 19, 2016, Plaintiff filed a *Motion to Remand*, asserting that removal of the case is improper, as the amount in controversy at the time of removal did not exceed the jurisdictional limit of $75,000, exclusive of interest and costs. *Id.* at 2, 14. On November 8, 2016, Defendant filed a timely opposition to Plaintiff's motion arguing that removal is proper, because the amount in controversy at the time of removal exceeded $75,000. (R. Doc. 10 at 1.) Plaintiff's *Motion to Remand* is now before the Court on the briefs and without oral argument.

## PARTIES' ARGUMENTS

### 1. Plaintiff's Arguments

Plaintiff argues that removal was improper because the amount in controversy at the time of removal failed to exceed the jurisdictional limit of $75,000, exclusive of interest and costs. (R. Doc. 8-1 at 2.) First, Plaintiff argues that the Defendant has failed to sustain its burden of proving that the amount in controversy exceeded $75,000 at the time of removal on the face of Plaintiff's complaint. *Id.* at 3. Plaintiff asserts that Defendant is required to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, and that Defendant has provided no evidence to this effect. *Id.* at 3-4. While Defendant included factual allegations regarding the Plaintiff's injuries in its Notice of Removal, Plaintiff argues that Defendant did not

2

include any evidence of the costs associated with treating these injuries, and that any future treatments are only possibilities. *Id.* at 6, 8.

Second, Plaintiff contends that her damages do not exceed the jurisdictional limit of $75,000, exclusive of interests and costs. *Id.* at 9-10. Plaintiff argues that her current medical expenses of $4,004.30, in addition to special and general damages, are unlikely to exceed $75,000. *Id.* at 10. Plaintiff has also stipulated that her damages arising out of this incident do not exceed $75,000, exclusive of interest and costs. (R. Doc. 8-4.) Plaintiff states that an epidural steroid injection, a right shoulder arthroscopic subacrimonial decompression, and other procedures were recommended as treatment for her injuries. (R. Doc. 8-1 at 11.) However, Plaintiff claims that at the time of removal, neither the injection nor the shoulder surgery had been scheduled, and Defendant's Notice of Removal did not include evidence of the costs of the recommended procedures. *Id.*

Plaintiff also asserts that Defendant's reliance on monetary awards in factually similar cases is improper. *Id.* at 11-12. In addition, Plaintiff claims that courts have routinely awarded damages less than $75,000 for injuries similar to hers. *Id.* at 12-13. For these reasons, Plaintiff argues that this case should be remanded to the state court from which it was removed.

### 2. Defendant's Arguments

In opposition, Defendant asserts that Plaintiff's *Motion to Remand* should be denied because the amount in controversy exceeded $75,000 at the time of removal. (R. Doc. 10 at 1.) Defendant notes that Plaintiff's doctor recommended a steroid injection for a disc herniation, shoulder surgery, and that Plaintiff confirmed at her deposition that she plans to proceed with the procedures. *Id.* at 1-2. Defendant claims that courts have awarded between $175,000 and $285,000 in factually similar cases in Louisiana. *Id.* at 2. Defendant points to Plaintiff's settlement offer of $75,000, one cent less than the threshold for federal diversity jurisdiction, as evidence that the amount in controversy exceeds $75,000, and argues that Plaintiff is trying to remand the case for the sole purpose of avoiding federal jurisdiction. *Id.* at 2-3.

Further, Defendant claims that while Plaintiff has stipulated that her damages do not exceed $75,000 after removal, diversity jurisdiction is determined at the time of removal. *Id.* at 3. Defendant also argues that Plaintiff's request for admission stating that damages do not exceed $75,000 is not sufficient to remand the case, as a request for admission is not a binding stipulation. *Id.* at 5. For these reasons, Defendant argues that remand is inappropriate.

4

**LEGAL STANDARD**

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). For a federal court to have subject matter jurisdiction based on diversity of citizenship the matter in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Under Fifth Circuit jurisprudence, a removing defendant's burden in establishing the requisite amount in controversy differs depending on whether the complaint alleges a specific amount of monetary damages. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). When the plaintiff alleges a specific damage figure that exceeds the required amount in controversy, "that amount controls if made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1939)). The same is true, barring removal, if a plaintiff pleads damages less than the jurisdictional amount. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id.*

In this instance, however, Plaintiff filed suit in Louisiana state court. Louisiana's procedural rules do not allow plaintiffs to plead a specific amount of money damages in the petition. *See* La. Code Civ. Proc. art. 893. Under such circumstances, the Fifth

5

Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Manguno*, 276 F.3d at 723 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Id.* The jurisdictional facts supporting removal are examined as of the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). "The removal statute must 'be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Herring v. Metro. Prop. & Cas. Ins. Co.*, No. 10-935, 2013 WL 3893282, at *2 (E.D. La. July 26, 2013) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

A plaintiff's post-removal affidavit or stipulation regarding the amount in controversy may be considered in support of remand only under limited circumstances. Specifically, if a plaintiff's state court petition is ambiguous as to the amount in controversy, the Court may consider a post-removal submission solely to ascertain whether the jurisdictional minimum was satisfied at the time of removal. *See Gebbia*, 233 F.3d at 883; *Ardoin v. Allstate Ins. Co.*, No. 06-7624, 2007 WL 97062, at *2 (E.D. La. Jan. 9, 2007); *Tenet Healthsystem Hosps., Inc. v. Crosby Tugs, Inc.*, No.

04-1632, 2005 WL 1038072, at *4 (E.D. La. Apr. 27, 2005). If the amount in controversy is clear from the face of the complaint, however, post-removal stipulations, affidavits, and amendments purporting to reduce the amount of damages sought by the plaintiff cannot deprive a federal court of jurisdiction. *Gebbia*, 233 F.3d at 883.

## DISCUSSION

As discussed above, removal is proper only if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723. The Court finds that Defendant has failed to establish that it is facially apparent that Plaintiff's claims are likely to exceed $75,000. Per Article 893(A)(1) of the Louisiana Code of Civil Procedure, Plaintiff did not allege a specific dollar amount of damages in her petition. However, Plaintiff also failed to include a statement establishing that her damages do not exceed $75,000, which is required of plaintiffs who wish to assert lack of diversity jurisdiction in federal court. *See* La. Code Civ. P. art. 893(A)(1). The absence of such an allegation, however, is not determinative of the Court's inquiry. *See, e.g., Envtl. Equip., Inc. v. N. Ins. Co. of Am.*, No. 11-2072, 2012 WL 2279736, at *2 (E.D. La. June 15, 2012). Further, Plaintiff's complaint failed to

7

suggest, by requesting a jury trial in state court, that the amount in controversy was at least in excess of $50,000, exclusive of interest of and costs. *See* La. Code of Civ. Proc. art. 1731-32. Thus, from the face of Plaintiff's complaint it is unapparent whether his damages may exceed $50,000.

To determine whether a plaintiff's petition facially satisfies the jurisdictional amount required, this Court may consider the type and extent of the injuries alleged, the types of damages requested, and the presence or absence of factual allegations sufficient to establish the requisite likelihood, rather than a mere possibility, that damages will exceed $75,000. *See, e.g., Herring*, 2013 WL 3893282, at *2. Here, Plaintiff's injuries have resulted in $4,004.30 in medical costs, and Plaintiff has requested general and specific damages. (R. Doc. 8-1 at 10.) In addition, Plaintiff indicated that she was recommended for right shoulder surgery and a steroid injection for a disk herniation, and that she plans to go forward with the procedures. (R. Doc. 10 at 2; R. Doc. 10-1 at 8-9.) However, the record is devoid of any information regarding the anticipated costs of these future treatments, or the cost of any likely future medical treatment. Without this information, it is not facially apparent that Plaintiff's damages will exceed $75,000. *See Gonzalez v. Granter*, No. 15-5928, 2016 WL 3268165, at *4 (E.D. La. June 15, 2016) (collecting cases) (finding that allegations of damages

8

unaccompanied by pertinent factual detail do not provide any guidance as to the actual monetary amount of damages the plaintiff will incur).

Accordingly, this action must be remanded to state court unless Defendant sets forth summary judgment-type evidence that supports a finding that Plaintiff's claims were likely to exceed $75,000 at the time of removal. The Court has considered Plaintiff's post-removal stipulation (R. Doc. 8-4) as a purported clarification of the original petition, along with the competing jurisprudence cited in the parties' memoranda. However, Defendant's arguments and citations to damage awards in Louisiana courts exceeding $75,000 is unpersuasive. *See Gonzalez*, 2016 WL 3268165, at *4 (finding citations to damage awards in Louisiana courts exceeding $75,000 distinguishable because the awards were rendered post-trial and concerned plaintiffs who had undergone surgery or presented evidence of damages). Defendant must point to facts *in this case* that establish that the actual amount in controversy exceeded $75,000 at the time of removal. *Silva v. Hartford Ins. Co. of the Midwest*, No. 15-5844, 2016 WL 4501288, at *5 (E.D. La. Aug. 29, 2016) (emphasis in original). While Plaintiff's doctor has recommended surgery on her right shoulder, Defendant has not presented any evidence of the anticipated cost of such surgery. Moreover, Defendant has not presented any evidence of the anticipated cost of Plaintiff's future medical care.

Accordingly, for the reasons mentioned above, along with the strict construction mandated for the general removal statute, the Court concludes that Defendant has not sustained its burden of demonstrating that the action was properly removed pursuant to 28 U.S.C. § 1332.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(R. Doc. 8)** is **GRANTED**. This case shall be remanded to the Civil District Court for the Parish of Orleans, Louisiana.

New Orleans, Louisiana this 5th day of December, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE